In the Matter of PAUL J. ECKELMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 12, 1993

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Etta M. Biloon* of counsel), for petitioner.

*Paul J. Eckelman,* Poughkeepsie, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 13 allegations of professional misconduct. The Special Referee sustained Charges One, Three, Four, Five, Six, Eight, Nine, Ten, Eleven, Twelve and Thirteen and that portion of Charge Two as pertains to the respondent's failure to maintain a duly constituted escrow account. The petitioner moves to confirm the Special Referee's report with respect to Charges One through Six and Eight through Thirteen and to disaffirm with respect to the Special Referee's failure to sustain Charge Seven. The respondent submitted an affidavit in opposition in which he notes that he does not seek to avoid punishment but, rather, to receive an appropriate penalty of limited duration.

Charge One alleged that the respondent converted funds entrusted to him to be held in escrow. On or about September 6, 1985, the respondent deposited or caused to be deposited into his escrow account at Dutchess Bank (account No. 409-0023905) the sum of $3,000. The funds were received in the course of a closing at which the respondent represented Denise Marchese. No funds were released to Ms. Marchese until April 1990. Between the time of the deposit and the time those funds were released, the balance in the respondent's escrow account consistently fell below the $3,000 he was required to be holding on behalf of Ms. Marchese. On many occasions, that account was overdrawn.

Charge Two alleged that the respondent failed to maintain a duly constituted escrow account with respect to the facts alleged in Charge One. In April 1990, the respondent issued a $3,000 check to Ms. Marchese's new attorney, Steven Nosanowitz. That check was not issued from the respondent's escrow account into which the client's money had been deposited but, rather, from the respondent's business "income" account.

Charge Three alleged that the respondent failed to maintain a duly constituted escrow account. From approximately August 1985 until at least July 1990, the respondent maintained an escrow account at Dutchess Bank and its successor, The Bank of New York (account No. 409-0023905). The respondent's escrow account was debited on or about April 23, 1987, in the sum of $2,697.42 in order to pay out a restraining

notice against respondent personally. The respondent received notice of the debit from the Bank in the form of a debit memo dated April 23, 1987, which accompanied the monthly statement from the bank. The respondent nevertheless failed to rectify the error made in garnishing the escrow account as opposed to a personal account.

Charge Four alleged that the respondent converted funds entrusted to him to be held in escrow, breached his fiduciary duty and engaged in conduct adversely reflecting on his fitness to practice law. On or about July 16, 1986, the respondent issued a check from his escrow account in the amount of $400, payable to Leonard Klein, Esq., regarding *CNA v Carpenick.* The check cleared on July 28, 1986. The funds corresponding to the *Carpenick* matter were not deposited into the respondent's escrow account until August 4, 1986.

Charge Five alleged that the respondent converted funds entrusted to him to be held in escrow, breached his fiduciary duty and engaged in conduct adversely reflecting on his fitness to practice law. On or about October 13, 1988, the respondent deposited, or caused to be deposited, into his escrow account, the sum of $4,390 in connection with a real estate matter for Patricia Lambert. On or about October 12, 1988, the respondent issued check No. 1146, payable to Patricia Lambert, in the amount of $5,000. The check cleared the account on October 14, 1988, resulting in an overdraft to that account. Additional funds related to the Lambert matter were not deposited into the escrow account until October 20, 1988, when the respondent deposited $1,065 on behalf of Ms. Lambert, together with $5,530 as a retainer for another client, for a total deposit of $6,595.

Charge Six alleged that the respondent failed to maintain a duly constituted escrow account and commingled client funds with personal funds. During the time interval involved in the aforesaid charges, the respondent earned legal fees which he did not properly withdraw from his escrow account. The respondent thus permitted earned fees to remain in his escrow account along with his clients' funds.

Charge Seven alleged that the respondent failed to maintain a duly constituted escrow account and issued a check from that account for personal purposes. On or about October 17, 1988, the respondent issued a $500 check from his escrow account, payable to his brother, Joseph Eckelman, to cover a personal obligation.

Charge Eight alleged that the respondent failed to properly designate a separate account for client funds. Although the individual checks for the subject account bore the designation "escrow account," the bank statements bore the sole title "Paul J. Eckelman, Esq.," and failed to bear a designation sufficient to distinguish them from all other bank accounts maintained by the respondent as required since December 9, 1987.

Charge Nine alleged that the respondent failed to maintain and produce required books and records for his client escrow account pursuant to Code of Professional Responsibility DR 9-102 (D) and (I) (formerly 22 NYCRR 691.12 [c], [k]). A subpoena duces tecum, dated January 5, 1991, required the respondent to produce all bank records for the subject escrow account, as well as any other escrow accounts he might maintain, for the period April 1985 until May 1990, including but not limited to all bank statements, cancelled checks, deposit slips and check stubs. The respondent failed to maintain and produce all deposit slips and cancelled checks requested, as well as *any* check stubs for his escrow account.

Charge Ten alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained by Dr. Mark Mason in or about late 1986 to represent him with respect to the collection of a judgment he had obtained against one Jack Leff. Although the respondent commenced efforts towards the collection of the judgment, he failed to take sufficient steps to resolve the matter and/or collect the judgment.

Charge Eleven alleged that the respondent failed to adequately communicate with a client. Between the time the respondent was retained by Dr. Mason in 1986 and the time Dr. Mason filed a complaint with the petitioner in July 1990, the respondent failed to return numerous telephone calls and to respond to letters from his client. During that same time period, the respondent failed to keep Dr. Mason informed of the status of the matter.

Charge Twelve alleged that the respondent failed to maintain proper registration as an attorney, in violation of Judiciary Law § 468-a and 22 NYCRR 118.1. As of May 1990, the respondent failed to register as an attorney for the biennial *registration* periods covering 1988-1989 and 1990-1991. The petitioner issued a *sua sponte* complaint concerning the status of the respondent's registration. When the respondent failed

to respond, a second letter dated June 8, 1990 was sent to him. On or about June 18, 1990, the respondent filed two registration statements for the periods 1988-1989 and 1990-1991. The statements were accompanied by an affidavit notarized in June 1990, as well as two checks, dated June 18, 1990, which were payable to the Office of Court Administration in the amount of $100 each. The Office of Court Administration thereafter notified the respondent that he had remitted the incorrect amount and that an additional $400 was due. By notice dated August 28, 1990, the Office of Court Administration acknowledged receipt of the respondent's registration and the fee of $400.

Charge Thirteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and conduct that adversely reflects on his fitness to practice law by making false statements under oath designed to thwart the petitioner's lawful investigation. The respondent testified under oath at the petitioner's offices on January 15, 1991, with respect to allegations that he had neglected a legal matter entrusted to him by Dr. Mark Mason, as set forth in Charge Ten. The respondent testified with respect to his efforts to locate the assets of the judgment debtor by serving restraining notices on six separate banks, including The Fishkill National Bank, Pawling Savings Bank, Ulster Savings Bank and Poughkeepsie Savings Bank. The respondent testified that he had served notices on the various banks in July 1989 and April 1990. None of the aforementioned banks ever received either of the two restraining notices allegedly served by the respondent.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained Charge One, Charge Two insofar as it alleged a failure to maintain a duly constituted escrow account, Charges Three through Six, and Charges Eight through Thirteen. With respect to Charge Seven, the respondent had specifically admitted, at the hearing and at a prior deposition, that he had issued a check from his escrow account to his brother in order to satisfy a personal obligation. The respondent contends that the funds drawn on were owed to him in payment of a duly earned legal fee.

Although DR 9-102 (B) (4) (22 NYCRR 1200.46 [b] [4]) permits escrow funds belonging in part to an attorney to be withdrawn when due, this provision does not permit an attorney to issue checks payable from that account to third parties in satisfaction of personal obligations. The misconduct alleged

in Charge Seven clearly constituted commingling and that charge should have been sustained by the Special Referee. Accordingly, the petitioner's motion to confirm the Special Referee's report with respect to Charges One through Six and Eight through Thirteen, and to disaffirm the Special Referee's finding with respect to Charge Seven is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the personal difficulties the respondent was experiencing at the time and the extensive character evidence submitted. The respondent is nevertheless guilty of serious professional misconduct and we find that his conduct reveals a pattern of disregard for the canons of ethics by which all attorneys are bound. The respondent is guilty of serious professional misconduct which warrants his disbarment.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and CO-PERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Paul J. Eckelman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Paul J. Eckelman is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.